Case 6:15-cv-00062   Document 37   Filed in TXSD on 05/23/16   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CODY JAMES KELLEY, § | | |
| TDCJ #1905059, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 6:15-0062 | |
| § | | |
| DEWITT COUNTY SHERIFF'S § | | |
| OFFICE, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

In this civil rights action, Plaintiff Cody James Kelley, who proceeds *pro se*, alleges that Defendant DeWitt County Sheriff's Office denied him adequate medical care and medication at the DeWitt County Jail.  On February 11, 2016, Defendant filed a Motion to Dismiss [Doc. # 24] and an Answer [Doc. # 25], seeking dismissal of all of Plaintiff's claims.  Plaintiff filed a Response [Doc. # 32], Defendant filed a Reply [Doc. # 34], and Plaintiff filed a Sur-Reply [Doc. # 35].  The motion now is ripe for decision.  Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court determines that Defendant's Motion to Dismiss should be **granted**.

In addition, Plaintiff's Motion to Change Name of Defendant by Amending

Complaint [Doc. # 33] will be **denied**, and Plaintiff's "Motion for Court to Order–Subpoena Witness Testimony–Statements and Motion for Appointment of Counsel" [Doc. # 36] will be **denied**.

## I.     BACKGROUND

Plaintiff Kelley filed this action on August 13, 2015, alleging denial of adequate medical care and medication while in DeWitt County Jail (the "Jail"). His allegations against the DeWitt County Sheriff's Office are contained in his Complaint [Doc. # 1] and his More Definite Statement [Doc. # 8].

Plaintiff was booked into the Jail on June 1, 2015, after surrendering to the DeWitt County Sheriff because he had outstanding warrants.

Plaintiff states that, when booked into the jail on June 1, he had physical injuries on his legs and feet. In particular, he claims had an eight-inch "unhealed cut" on his left leg, numerous thorns embedded in his feet, multiple abrasions and scrapes, edema, and cellulitis. More Definite Statement [Doc. # 8], at 2-3. He states that these conditions arose "from wandering through brushy woods with no leg or foot protection" in the days before his Jail booking. *Id*. at 4. On May 30 & 31, 2015, just before his Jail booking, Plaintiff had been treated for these injuries at Cuero Community Hospital's emergency room. *Id*. at 4-5. Plaintiff alleges that, when he was booked into the Jail, he informed Jail personnel of his recent medical treatment

and prescriptions and requested antibiotics and a lower bunk, but that his requests were not fulfilled. Plaintiff states that he currently has no diagnosed condition for his legs and feet and that they have "painfully healed over the past four and a half months." *Id*. at 5.

Plaintiff further alleges that, when booked into the Jail, he explained to Jail personnel his history of mental health conditions (including diagnoses of post-traumatic stress disorder, panic disorder, major depressive disorder, insomnia, and paranoia) and his current medications for those conditions. *Id*. at 5-6.[1] He claims that he had a panic attack during the booking process and requested medical attention, but that his request was denied. He alleges that, although he was told at booking that medical personnel would see him the next day, "Medical never came and I have had severe panic attacks ever since." More Definite Statement, at 8.

Defendant has furnished a Jail document entitled "Inmate Rules and Information" (the "Handbook"). *See* Exhibit 4 to Business Record Affidavit. The Handbook provides, under the heading "Medical Services," that inmates needing medical attention should submit a sick call slip to the nurse. The Handbook further contains sections headed "Grievances" and "Appeals," which provide that inmates

---

[1] According to the inventory of Plaintiff's property prepared by the Jail on June 2, 2015, Plaintiff did not have any medication on his person at his booking. Exhibit 1 to Business Record Affidavit (attached to Motion).

"may file a grievance for any violation of their rights, criminal acts, an unjust denial or restriction of an inmate privilege and any authorized act by facility's staff"; that the Grievance Board will consider the grievance within fifteen days; and that inmates may appeal the grievance decision to the Jail Captain.  *See* Handbook.

Defendant presents the Jail's medical records for Plaintiff showing that, in June and July, Plaintiff submitted four sick call slips and received medical treatment in response to each slip.  *See* Exhibit 5-8 to Business Record Affidavit.   In particular:

- On June 7, Plaintiff submitted a sick call slip requesting medication for hypertension and anxiety attacks.  He stated that he took Lorazepam, Ambien, Metoprolol, Seroquel, and Tramadol, and that he had not had any medications since his booking.  The medical staff's notes appear to indicate that he was given Metoprolol and ibuprofen.  Exhibit 5 to Business Record Affidavit.

- On June 21, Plaintiff submitted a sick call slip requesting that he "be placed back on my Seroquel 300mg." He also requested Vistaril instead of Ativan and Tramadol in place of ibuprofen. Medical staff notes state, "Verbally abus[ive]—sent back to cell, [patient] was demanding narcotics." Exhibit 6 to Business Record Affidavit.

- On June 24, Plaintiff submitted a sick call slip stating "need meds," and listing his complaints as post-traumatic stress disorder, antisocial disorder, agoraphobia, "severe panic-anxiety disorder," severe depression, and hurt ankles. Medical staff notes state "Zoloft 50 mg" and "Vistaril 25 mg." Exhibit 7 to Business Records Affidavit.

- On July 19, Plaintiff submitted a sick call slip stating, "Please discontinue all med[ication]s prescribed to me, medical services and medical charges.  Your services have not helped me at all."  The medical staff's notes indicate that Plaintiff's Metoprolol, Vistaril, and Sertraline (Zoloft) were discontinued at that time.  Exhibit 8 to Business Record Affidavit.

None of the sick call slips in Defendant's records reflect a request from Plaintiff for treatment of injuries to his legs or feet, other than the references to "hurt ankles" on June 21 and 24.

Plaintiff claims that, on June 3, 2015, he filed a "medical request and grievance" that went "unanswered." More Definite Statement, at 25-26. Plaintiff does not present any evidence of a sick call slip or grievance on this date, and none appears in the records submitted by Defendant. Defendant maintains that Plaintiff made no request for medical attention before his sick call slip on June 7, 2015.

On August 5, 2015, Plaintiff filed a grievance for inadequate treatment of his mental health condition, which stemmed from his denied demands for certain specific medications. Plaintiff's grievance states, "I would like to be prescribed my Seroquel, Ambien, and Ativan[]." Exhibit 9 to Business Record Affidavit, at 1. The Jail's medical staff responded that the medications prescribed to Plaintiff were not the exact ones Plaintiff demanded but were appropriate for his condition, and furthermore that his medications had been discontinued on July 19th at Plaintiff's request. *Id*. at 2. Plaintiff appealed his grievance on August 14, 2015, again alleging that he improperly had been denied Seroquel, Ambien and Ativan. Exhibit 10 to Business Record Affidavit (alleging that Jail medical staff had "lied" when they told Plaintiff that the Jail did not prescribe narcotic medications). Jail personnel reviewed the appeal and

upheld the decision, noting that the medical department is the only party able to prescribe medications on a case-by-case basis, and informing Plaintiff that if he had a concern he could "put in a sick call." *Id.* *See* More Definite Statement, at 28.[2]

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147. However, "[t]hreadbare recitals of the

---

[2] Defendant's Motion states that the Handbook is given to all inmates upon their admission to the Jail. Motion, at 11. Plaintiff alleges, Response at 4, that he was not given a Handbook when booked on June 1, 2015. However, given his contention that he submitted a sick call slip and grievance and June 3, 2015, and again on June 7, 2015, *see id.*, he effectively agrees that, within forty-eight hours of booking, he was aware that the administrative remedies of sick call, grievances, and appeals were available.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief. *Iqbal*, 556 U.S. at 679. This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.*

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These

presumably are documents whose authenticity no party questions. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

### B. Leave to Amend Complaint

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). If the district court lacks a "substantial reason" to deny leave, its discretion is not

broad enough to permit denial. *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

A district court may deny a proposed amendment for futility if the amended complaint would fail to state a claim upon which relief could be granted. *Stem v. Gomez*, 813 F.3d 205, 216 (5th Cir. 2016); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Productions Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). *See also Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (approving district court's denial of Rule 15(a) motion to amend using the same reasoning as it used in granting the Rule 12(b)(6) motion to dismiss).

## III.   ANALYSIS

Plaintiff's lawsuit alleges that Jail officials failed to provide necessary medical treatment and medications. The Court construes this as an Eighth Amendment claim for inadequate medical care, brought pursuant to 42 U.S.C. § 1983. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (Eighth Amendment imposes duty on prison officials to ensure adequate medical care for inmates).

### A.   DeWitt County Sheriff's Office

Plaintiff brought his suit against only one Defendant: the DeWitt County Sheriff's Office. As Defendant argues, the DeWitt County Sheriff's Office is not a

legal entity that can sue or be sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).

> [A] political subdivision cannot pursue a suit on its own unless it is a separate and distinct corporate entity. Accordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.

*Id*. at 313 (internal citations and quotation marks omitted). *See Combs v. City of Dallas*, 289 F. App'x 684, 686 (5th Cir. 2008). *See also Evans v. Dallas Cty. Sheriff*, 4 F.3d 991 (5th Cir. 1993) (unpub.) ("The Sheriff's Department does not have a separate legal existence and therefore cannot be sued").

Defendant's Motion to Dismiss the claims against the DeWitt County Sheriff's Office is **granted**.

### B. DeWitt County

After Defendant filed its Motion to Dismiss, Plaintiff filed for leave to amend his pleadings, seeking to sue DeWitt County in place of the DeWitt County Sheriff's Office. However, Plaintiff's request to bring his claims against DeWitt County would be futile.

To prove a claim against a county for a constitutional violation pursuant to 42 U.S.C. § 1983, the plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a

constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Jackson v. Ford*, 544 F. App'x 268, 272 (5th Cir. 2013). Plaintiffs who sue local governments under Section 1983 "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick*, 563 U.S. at 60-61 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Plaintiff has failed to allege that the Handbook itself—or any other "official policy" of DeWitt County—violates constitutional standards for provision of adequate medical care to inmates. Therefore, his proposed amendment is futile and would not state a claim for relief. *See Stem*, 813 F.3d at 216; *Duzich*, 395 F.3d at 531.

Plaintiff's motion for leave to amend is denied on grounds of futility.

### C. Merits of Plaintiff's Claims

Plaintiff, who is proceeding *pro se*, has not sought leave to amend to bring his claims for inadequate medical care against any individual defendant. However, even if this Court were to grant him leave to do so, his claim nevertheless would fail for reasons urged in Defendant's Motion to Dismiss.

The Eighth Amendment to the United States Constitution imposes a duty on prison officials to ensure adequate medical care for inmates. *Rogers v. Boatright*, 709 F.3d 403, 409-10 (5th Cir. 2013); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006)

(citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prison official violates the Eighth Amendment when the official's conduct demonstrates "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter*, 467 F.3d at 463 (internal citation and quotation marks omitted). *See Estelle v. Gamble*, 429 U.S. 97 (1976). An inmate can show a violation of his Eighth Amendment rights by showing "'that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Ward v. Fisher*, 616 F. App'x 680, 683 (5th Cir. 2015) (quoting *Sama v. Hannigan,* 669 F.3d 585, 590 (5th Cir. 2012)). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not amount to deliberate indifference. *Ward*, 616 F. App'x at 683 (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). Moreover, an inmate's disagreement with his medical treatment, standing alone, is insufficient to demonstrate deliberate indifference. *Id.*; *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).

Plaintiff has failed adequately to plead an Eighth Amendment violation. Regarding his mental health condition, Plaintiff filed a grievance that pertained to Jail personnel's denial of his request for certain particular medications and alleging that

Jail officials "lied" when they told him narcotics could not be prescribed.[3] Plaintiff has not alleged that the Jail officials "refused to treat [his mental health impairment], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Sama,* 669 F.3d at 590 (internal citation and quotation marks omitted). In fact, Plaintiff received medical attention in response to each of the four sick call slips and was given medications for his mental health conditions.[4] At bottom, Plaintiff alleges solely that he was not given the particular medications he requested. Plaintiff's disagreement with Jail personnel regarding his medical treatment is insufficient to state a claim. *See Ward*, 616 F. App'x at 683; *Gibbs*, 254 F.3d at 549. Indeed, even if Plaintiff had sufficiently alleged that Jail personnel were negligent or had committed medical malpractice, such allegations would not amount to deliberate indifference under Eighth Amendment standards. *Gobert*, 463 F.3d at 346.

Regarding his physical injuries, Plaintiff alleges inadequate and delayed medical care for injuries to his legs and feet. The record before the Court contains no

---

[3] Plaintiff's grievance stated, "I would like to be prescribed my Seroquel, Ambien, and Ativan[]." *See* Exhibit 9 to Business Record Affidavit, at 1. In his appeal of the grievance, Plaintiff alleged that he improperly had been denied Seroquel, Ambien and Ativan, and alleged that Jail medical staff had "lied" when they told Plaintiff that the Jail did not prescribe narcotic medications. Exhibit 10 to Business Record Affidavit.

[4] Plaintiff had been given some medications, including Ativan, Zoloft, and Vistaril—all of which are used to treat mental health impairments. *See* Exhibits 6 and 7 to Business Record Affidavit.

sick call slips or grievance pertaining to these injuries. Defendant therefore argues that Plaintiff's claim is unexhausted under the Prisoner Litigation Reform Act ("PLRA").[5] Plaintiff asserts that he in fact exhausted his remedies because he submitted "a sick-call slip *and* grievance concerning his [mental health] and leg/feet injury complaints," both on June 3, 2015.[6]

Assuming, without deciding, that Plaintiff exhausted all available administrative remedies regarding his physical injuries, he has failed to state a claim on the merits.

---

[5]  The PLRA provides that no prisoner may bring a suit regarding prison conditions under 42 U.S.C. § 1983, or any other federal law, unless the prisoner has exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a). *See Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). Pre-filing exhaustion is mandatory, and the requirement is strictly construed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). *See Putnam v. Traylor*, 633 F. App'x 600 (5th Cir. 2016); *Cherry v. Mainous*, 608 F. App'x 301, 302 (5th Cir. 2015). District courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. *Gonzalez*, 702 F.3d at 788 (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)); *Cherry*, 608 F. App'x at 302. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). A defendant who claims that a plaintiff failed to exhaust has the burden to show that the plaintiff did not exhaust the remedies that were actually available. *Davis*, 798 F.3d at 294-95.

[6]  Response, at 4 (emphasis added). Plaintiff provides a declaration from a fellow inmate corroborating his account. *See* Attachment to More Definite Statement (fellow inmate declares that Plaintiff submitted a "medical request and grievance concerning his injuries and top bunk climbing hurting his feet on or about 6-3-15"). Plaintiff states that he became discouraged and did not make another complaint. *See* More Definite Statement, at 26-27 ("After my initial attempt during booking, after sending a medical request on 6-3-15 and sending a grievance on 6-3-15 and waiting two weeks for an answer, I became discouraged, depressed, hopeless and defeated that the Jail was not going to help me").

According to Plaintiff's allegations, Plaintiff told Jail officials at his June 1 booking that he was "in pain" and had been in the emergency room. Plaintiff requested antibiotics and pain medications for his legs and feet. Complaint, at 1; More Definite Statement, at 2-3, 6-7.[7] At his booking, Jail officials told him that medical personnel would see him "when they could," but that "Medical never came," and that Plaintiff did not receive antibiotics or medical treatment for his legs and feet. Complaint, at 1; More Definite Statement, at 6-7. However, Plaintiff acknowledges that he received medical treatment from Jail officials in June and July, including medicine for his 'hurting ankles." More Definite Statement, at 21-23. He also acknowledges that the injuries to his legs and feet healed. *See id*. at 5 ("my legs and feet painfully healed over the past four and a half months").

As stated above, an Eighth Amendment claim requires a showing of "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter*, 467 F.3d at 463 (internal citation and quotation marks omitted). It also requires a showing that "the official was subjectively aware of the risk of serious harm to the inmate." *Id.* Plaintiff's allegations that "Medical never came" and that he did not receive antibiotics could be categorized as allegations

---

[7] Plaintiff's More Definite Statement attaches his emergency room records from May 30 & 31 which reflect "multiple abrasions" to his lower extremities, redness, edema, abscess of a foot, and "extremely tender" feet. More Definite Statement, at 36-47.

that Jail officials "refused to treat" his injuries or "ignored his complaints." *See Sama*, 669 F.3d at 590. However, given that Plaintiff received medical attention throughout June and July, beginning with treatment in response to his June 7 sick call slip, Plaintiff at most is alleging a short delay of medical treatment.[8] "Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*." *Easter*, 467 F.3d at 464 (emphasis original) (internal quotation marks, citation, and alterations omitted) Plaintiff has not shown substantial harm, and in fact alleges no "lasting complications" from his alleged injuries, given his acknowledgment that his wounds healed. *See id*. (noting that a plaintiff who did not claim "lasting complications" resulting from a delay in treatment had failed to show an Eighth Amendment violation as to the delayed treatment). Again, even if Plaintiff were able to demonstrate negligence or medical malpractice during this alleged delay of treatment, such a showing would be insufficient for deliberate indifference under Eighth Amendment standards, *Ward*, 616 F. App'x at 683 (citing *Gobert*, 463 F.3d at 346). Taking all of Plaintiff's allegations as true, Plaintiff has failed adequately to allege "deliberate indifference to

---

[8] The Court notes that the sick call slip dated June 7 makes no complaint regarding his legs or feet, but only regarding hypertension and mental health conditions. *See* Exhibit 5 to Business Record Affidavit. Later requests from Plaintiff complain of ankle pain, for which already had received ibuprofen, but make no other complaint regarding his legs or feet. *See id*. Exhibit 6-7.

[his] serious medical needs, constituting an unnecessary and wanton infliction of pain." *See Rogers*, 709 F.3d at 409; *Easter*, 467 F.3d at 463. *See also Broussard v. Nelson*, 5023 F. App'x 259 (5th Cir. 2012); *Lewis v. Evans*, 440 F. App'x 263 (5th Cir. 2011); *Clerkley v. Roberts*, 278 F. App'x 364 (5th Cir. 2008). Even if this Court were to grant Plaintiff leave to amend to sue individual defendants, such amendment would be futile and would be dismissed under Rule 12(b)(6).

Plaintiff recently filed a "Motion for Court to Order–Subpoena Witness Testimony–Statements and Motion for Appointment of Counsel," which seeks permission to call nine individual witnesses, including prison officials, and "all inmates" housed with Plaintiff in the week immediately after his booking. Plaintiff states that these witnesses could testify to his need for medical attention and that other inmates received narcotic medications. Plaintiff also requests appointed counsel to assist in gathering statements from the witnesses. Plaintiff's motion is denied because, for the reasons stated above, even if Plaintiff gathered all of the evidence he describes, his claim still would fail under Eighth Amendment standards.

## IV. <u>CONCLUSION</u>

For the foregoing reasons it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 24] is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff's Motion to Change Name of Defendant by Amending Complaint [Doc. # 33] is **DENIED**. It is further

**ORDERED** that Plaintiff's "Motion for Court to Order–Subpoena Witness Testimony–Statements and Motion for Appointment of Counsel" [Doc. # 36] is **DENIED**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this 23rd day of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE